IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| DONALD RAY BARRETT, § | | |
| TDCJ-CID # 1177899, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. V-05-0103 |
| § | | |
| WARDEN CASAL, et al., § | | |
| § | | |
| Defendants. § | | |

**MEMORANDUM OPINION AND ORDER**

Donald Ray Barrett, a former inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, complaining of his conditions of confinement. Barrett filed numerous pleadings indicating that he has been subject to unsafe prison conditions and that TDCJ-CID officials have retaliated against him for complaining about his conditions of confinement. The court ordered Barrett to submit a More Definite Statement concerning his allegations. After reviewing Barrett's response, the court has determined that this action should be dismissed as frivolous.

**I. Claims and Allegations**

Barrett claims that he was forced to live and work in conditions which are dangerous to his health while he was assigned to the TDCJ-CID Stevenson Unit. *See* Docket Entry No. 1. He alleges that he has been in fear for his life and further claims that he has been retaliated against for complaining about his conditions. Among the reprisals that Barrett has reputedly suffered is a campaign of harassment including false classification and placement among dangerous convicts.

In his Original Complaint, Barrett alleges that prison officials placed him in harm's way by assigning him to an area where there were gang members. Docket Entry No. 1, at pages 1-2. Barrett had been accused of being Crip gang member, a charge which he denies. Docket Entry No. 8, at page 5. Despite his protests and requests for proof of his gang association, Barrett had to remain in a housing area with dangerous individuals and offensive conditions. During one evening, Barrett was placed in a cell containing rodents and a broken toilet with human waste. *Id*. at 6. He asserts that the officials were slow to respond to his complaints about the stench and that the toilet was not fixed until 10 AM the following morning. *Id.* Barrett contends that he experienced mental stress from the conditions, including his fear that he might be attacked by gang members in his living area. Docket Entry No. 1, at page 3.

In a supplemental pleading, Barrett alleges that TDCJ-CID officers were given more food and that their diet was more varied than that of the inmates at the Stevenson Unit. Docket Entry No. 8, at page 1-2. Among other inequities was the fact that guards were able to eat specially prepared meals during holidays such as Christmas while inmates had to settle for cold cut sandwiches. Barrett contends that inmates in the kitchen had to dedicate so much time working on the officers' food that they were unable to make any extra effort in feeding the prisoners whose holiday meal consisted of a regular tray with an extra slice of meat. *Id*.

Barrett complains that toilet paper was rationed at three rolls per month per inmate thereby adversely affecting his personal hygiene. *Id*. at pages 1-2. Compounding this indignity was the fact that Barrett was under cell restriction and was not able to shower after every time he used the toilet. Barrett further complains that occasionally he was unable to obtain warmer clothing that was available to other inmates. *Id*. at 2.

Barrett alleges that he was posted to a work crew assigned to tear down a building that was flooded in 1998 and had rotted in the ensuing years. *Id*. at 3-4. He believes that the building may have been constructed with hazardous materials including lead paint and asbestos. *Id*. Barrett expressed his doubts about the safety of working and breathing in such an area without special protection. Despite his concerns, Barrett and others were ordered to perform their job and were not given proper tools or hard-hats. *Id.* Barrett believes that the assignment was inappropriate because his crew was supposed to be assigned gardening work and that the building belonged to the City of Cuero. *Id*. at 4. He alleges that later he injured his left hand when he was ordered to work with a crew which was assigned to tear down a brick wall in the prison laundry. Docket Entry No. 37, at page 7.

Barrett filed various grievances complaining about the above conditions. *See Id.* at 3-4. However, he alleges that Grievance Officers Thieme and Podism failed to investigate his complaints and denied him due process. *Id*. at 4. He further claims that he was retaliated against for having filed the grievances. *Id*. Barrett specifically alleges that Ms. Ginther refused to allow him to go to the law library and that Lt. Willis filed false charges against him as a result of grievances filed against them. *Id*. Barrett further alleges that Willis conspired with other officials to conspire against him. *Id*. In addition, Barrett claims that officials retaliated against him by moving him numerous times to various cells with different cell mates. Docket Entry No. 37-2, at page 4. Barrett contends that the moves were unwarranted because with, the exception of two inmates, he never had any conflicts with any of his cell mates. *Id*. In addition, Barrett complains that he was wrongly classified as a gang member and demoted from Outside Trustee to S-3 Hoe Squad in order to

retaliate against him and deny his right to seek legal redress.  *Id*.; *see also* Docket Entry No. 37, at page 10.

In addition to allegations of retaliatory measures taken against him for filing complaints, Barrett contends that he has been denied access to the courts.  *See* Docket Entry No. 37-2, at page 1.  He specifically alleges that he was denied permission to go the law library on July 25, 2005; October 5, 2005; and one other unspecified date.  *Id*.  He further alleges that his outgoing letter to a legal aid organization was held up because he had not shaved.  Barrett also complains that his mail has been opened and censored.  *Id*.

In response to the court's question about the cases he was working on when he was denied access to the courts, Barrett answered that he was working on *Barrett v. Padgett*, No. 5:05cv111-BG (N.D. Tex.), *consolidated with* No. 5:05cv110-BG.  *Id*.  He also stated that he was working on the present action.  *Id*. at 2.  Barrett contends that he was denied access to the courts because the defendants' actions prevented him from gathering evidence and witness statements.  *Id*. at 3-4.

Barrett seeks monetary damages and an injunction prohibiting racial profiling. Docket Entry No. 1, at page 3.

## II. Analysis

To state a claim under section 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.  *Moore v. Willis Independent School Dist*., 233 F.3d 871, 874 (5th Cir. 2000), *citing Lefall v. Dallas Independent School District*, 28 F.3d 521, 525 (5th Cir. 1994).

Chief among Barrett's complaints is his belief that he has been wrongly classified due to false information that he is a gang member. However, there is no indication that any prison official intentionally or recklessly placed Barrett in a dangerous situation by assigning him to the area where he was incarcerated at the Stevenson Unit. Any claim of prisoner endangerment cannot be sustained without such a showing. *See Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995), *citing Farmer v. Brennan*, 114 S.Ct. 1970, 1977 (1994). The courts will not interfere with prison officials' decisions regarding assignment of a prisoner outside of conditions where the prisoner may be in imminent danger of attack or serious injury. *Whitley v. Hunt,* 158 F.3d 882, 889 (5th Cir. 1998), *citing Jackson v. Cain*, 864 F.2d 1235 (5th Cir.1989). Barrett's unsupported fears that he might be attacked does not establish that he is in danger. *Babcock v. White*, 102 F.3d 267, 271-72 (7th Cir. 1996). Barrett has no protectable interest in his classification and his disagreement with the decision as to his placement in the Stevenson Unit does not establish a constitutional violation. *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995), *citing Wilson v. Budney*, 976 F.2d 957 (5th Cir.1992).

Apart from his complaints about his classification, Barrett complains about the general conditions at the prison with regard to food, clothing, and hygiene. The Eighth Amendment of the Constitution does require that prisoners be afforded "humane conditions of confinement" including adequate diet, clothes, and clean living conditions. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). However, a felon does not have a right to a comfortable prison and only those deprivations which deny 'the minimal civilized measure of life's necessities' are actionable in a section 1983 suit. *Wilson v. Seiter*, 111 S.Ct. 2321, 2324 (1991).

Barrett's allegations regarding his diet has no legal basis. There is no requirement that guards and inmates be fed alike, and inmates are not entitled to any particular diet beyond that which

satisfies their basic needs. *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998); *Kahey v. Jones*, 836 F.2d 948, 950 (5th Cir.1988), *citing Udey v. Kastner*, 805 F.2d 1218 (5th Cir.1986). Prison officials do not violate the Eighth Amendment with regard to nutrition if the inmates receive 'reasonably adequate' food. *Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996), *citing George v. King*, 837 F.2d 705, 707 (5th Cir. 1988). *See also Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir. 1977) (prison authorities must provide inmates food "containing sufficient nutritional value to preserve health."). Barrett's disappointment with his Christmas dinner does not constitute an actionable violation. *See Talib*, 138 F.3d at 214 n.3. *See also Green v. Ferrell*, 801 F.2d 765, 770-771 (5th Cir. 1986) (two meals each day may be sufficient to feed a prisoner).

Barrett's complaint regarding an occasional denial of warm clothing that was available to other inmates is not actionable either. Although he is entitled to adequate clothing to protect himself from the elements, Barrett cannot establish a constitutional violation were he was only deprived of an extra layer of clothing for a short duration. *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Moreover, Barrett has not presented any facts which demonstrate any official deliberately denied him a needed article of clothing knowing that such a denial would expose his health to an unnecessary risk. *See Herman*, 238 F.3d at 664.

The hygiene concerns expressed by Barrett do not support a prison conditions civil rights violation either. As stated above, prison conditions do not have to be ideal to pass constitutional muster. *See Rhodes v. Chapman*, 101 S.Ct. 2392, 2400 (1981). Barrett's complaint about the limitation on the amount of toilet paper available does not indicate that he was deprived of sufficient supplies to clean himself. Barrett's supposed inability to shower himself after every time he used the toilet does not remotely hint that he was denied basic hygiene. *Walker v. Mintzes*, 771 F.2d 910,

928 n.5 (6th Cir. 1985) (two or three showers weekly for inmates who do not work is sufficient); *Davenport v. DeRobertis*, 844 F.2d 1310, 1316-1317 (7th Cir. 1988). Moreover, his evening stay in a cell with a smelly, broken toilet, while regrettably uncomfortable, does not support an actionable civil rights claim in light of the fact that the toilet was fixed the next morning. *See DeSpain v. Uphoff*, 264 F.3d 965, 973 (10th Cir. 2001); *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998).

Like those concerning his living quarters, the alleged facts describing Barrett's work conditions do not suggest a constitutional violation. To establish a constitutional violation regarding his work conditions, the plaintiff must show that the work exposed him to a serious health risk and prison officials were aware of the risk and knowingly ignored it. *Jackson v. Cain*, 864 F.2d 1235, 1246-47 (5th Cir. 1989). Barrett reports that he had to take part in demolition work without benefit of specific safety equipment. Prisoners can be compelled to work and do not have the same rights as employees working for private firms or government entities. *See Wendt v. Lynaugh*, 841 F.2d 619, 620-21 (5th Cir. 1988). Further, the prison is not constitutionally required to observe all health and safety standards that private industry must abide by for its employees. *Sampson v. King*, 693 F.2d 566, 569 (5th Cir. 1982).

Barrett does not allude to any work condition that was so inherently dangerous of which the defendants were aware yet compelled him to continue with his job. Without such a showing, Barrett cannot prevail. *Richardson v. Spurlock*, 260 F.3d 495, 499 (5th Cir. 2001), *citing Jackson v. Cain,* 864 F.2d 1235, 1246 (5th Cir.1989). With regard to his allegation that he injured his left hand while tearing down a wall at the prison laundry, Barrett only shows that he was injured on the job, an allegation which alone does not constitute an Eighth Amendment violation nor does it implicate a due process violation. *Walker v. Reed*, 104 F.3d 156 (8th Cir. 1997). At the most, Barrett's claims

regarding his prison work conditions only imply that his supervisors may have been negligent regarding work place safety; such allegations do not establish an actionable claim. *See Davidson v. Cannon*, 106 S.Ct. 668, 670 (1986); *Coon v. Ledbetter*, 780 F.2d 1158, 1163 (5th Cir.1986).

Barrett's dissatisfaction with the outcome of the investigations in response to his grievances does not provide a legal basis for a section 1983 claim. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). It is well settled that inmates do not have a constitutionally protected right to a grievance procedure. *See, e.g.*, *Jones v. North Carolina Prisoners Labor Union*, 97 S.Ct. 2532, 2544 (1977) (Burger, J., concurring) (applauding the adoption of grievance procedures by prisons, but expressly declining to suggest that such procedures are "constitutionally mandated"); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (holding that "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993) ("A prison grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment."). Therefore, Barrett's claims against the grievance investigators are subject to dismissal as having no legal basis.

Barrett's attempts to assert a retaliation claim are unsuccessful. "'To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation.'" *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003), *quoting Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir.1999). The causation requirement entails a showing that "'but for the retaliatory motive the complained of incident ... would not have occurred.'"

*MacDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998), *quoting Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997).

Barrett claims that Ms. Ginther denied him access to the law library and that Lt. Willis filed false disciplinary charges against Barrett and that the actions were taken against Barrett for filing grievances; however, he fails to present any facts which indicate that Ginther or Willis engaged in the alleged actions only because Barrett filed the grievances or that Ginther or Willis were even aware of the grievances against them. The courts generally treat retaliation claims with some skepticism due to the potential of inmates filing such claims in response to every prison official's decision which the inmates may deem to be adverse to their interests. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). In the present action, Barrett makes only conclusory allegations that officials retaliated against him. The mere fact Barrett was disciplined or was denied a service after he filed a grievance does not establish a retaliation claim. *Enlow v. Tishomingo County, Miss.*, 45 F.3d 885, 889 (5th Cir. 1995). Barrett's allegations of retaliation do not stand up under judicial scrutiny and will be dismissed. *Jones*, 188 F.3d at 325, *citing Woods*, at 1166.

Barrett's complaint that he was denied access to the courts concerns his work on two civil actions, a prisoner civil rights complaint filed in the Northern District of Texas, *Barrett v. Padgett*, No. 5:05cv111-BG (*consolidated with* No. 5:05cv110-BG), and the present action. As a prisoner, Barrett has a constitutional right of access to the courts. *Bounds v. Smith*, 97 S.Ct. 1491, 1498 (1977). However, the Supreme Court decision in *Bounds* does not create a free-standing right to a law library or legal assistance. *Lewis v. Casey*, 116 S.Ct. 2174, 2180 (1996). A prisoner's right of access to the courts only entitles him to file and prosecute nonfrivolous legal claims challenging his convictions or prison conditions. *Johnson v. Rodriguez*, 110 F.3d 299, 310-11 (5th Cir. 1997), *citing*

9

*Lewis v. Casey*, 116 S.Ct. 2174, 2182 (1996). In order for Barrett to prevail in access to courts claim, he must show that the defendants knowingly interfered with his right and that they intended to impede his efforts to litigate his cases. *Simkins v. Bruce*, 406 F.3d 1239, 1242 (10th Cir. 2005); *Shell v. Brzezniak*, 365 F.Supp.2d 362, 372 (W.D.N.Y. 2005). Further, Barrett must show that the defendants's action harmed his efforts to pursue a legitimate claim in court. *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992), *citing Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988). Restrictions on access to a prison law library are oftentimes appropriate, and an inmate's complaint that he was denied permission to use the library on several occasions is not sufficient to state a civil rights claim. *See Brooks v. Buscher*, 62 F.3d 176, 180 (7th Cir. 1995); *Strickler v. Waters*, 989 F.2d 1375, 1383 (4th Cir. 1993).

The first action which Barrett says that he was working on when he was denied access to the courts was *Barrett v. Padgett*, No. 5:05cv110-BG (N.D. Tex.). The Northern District's records do not reflect that the case was dismissed for want of prosecution or indicate that there was any interference with Barrett's litigation efforts. On the contrary, the Northern District Court dismissed the action as frivolous after conducting a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181-83 (5th Cir. 1985). *See id*. Docket Entry No. 28, pages 1-13. Such a finding by the court refutes Barrett's claim that he was harmed when he was denied access to the law library or was in any way impeded in filing his pleadings in No. 5:05cv111-BG to the extent that his constitutional rights were violated. *Ruiz v. United States*., 160 F.3d 273, 275 (5th Cir. 1998).

With regard to the present action, the docket record reflects 41 submissions from Barrett, including motions, pleadings, supplements, and correspondence. Barrett's prolific record in this action belies his contention that he has been denied access to the courts. *Beck v. Lynaugh*, 842 F.2d

759, 762 (5th Cir. 1988). Therefore, Barrett's access to courts claim is subject to dismissal because he cannot show that he was prevented from filing an essential document in court or that he was otherwise harmed by the alleged actions to impede his efforts. *MacDonald v. Steward*, 132 F.3d 225, 230-31 (5th Cir. 1998).

Barrett filed this action as a prisoner and has proceeded as a pauper. The court is authorized to dismiss such actions if they are frivolous. 28 U.S.C. § 1915(e). A complaint is frivolous if it lacks an arguable basis in law or fact. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). This complaint has no merit and, therefore, will be **DISMISSED** as frivolous.

### III. Plaintiff's Motions

Barrett has filed a motion (Docket Entry No. 34) seeking leave to submit copies of some of the numerous informal protests and administrative grievances that he has filed while in TDCJ-CID concerning some of the claims he presented. The court will grant the Motion for Leave to Submit Additional Documents.

Barrett has filed a motion to file an amended complaint (Docket Entry No. 42) in which he seeks to include additional defendants and claims concerning alleged violations which occurred subsequent to the filing of this action. The complaints consist primarily of a confrontation over the transfer of Barrett's legal work, verbal threats by officers and lost or damaged commissary items. These matters are generally without any legal basis. *See Beck*, 842 F.2d at 762; *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997) (" verbal abuse by a prison guard does not give rise to a cause of action under § 1983."); *Lewis v. Woods*, 848 F.2d 649, 651 (5th Cir. 1988) (guard's seizure of property is not actionable in federal civil rights proceeding where relief is available in the state

courts), *citing Hudson v. Palmer*, 104 S.Ct. 3194 (1984). As noted above, Barrett has amended and supplemented his complaint a considerable number of times during the pendency of this action. He has had ample opportunity to present his case before the court and the court has found that it lacks merit. *Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir.1986). Barrett should not be allowed to continue to present frivolous claims. *Emory v. Texas Board of Medical Examiners*, 748 F.2d 1023, 1027 (5th Cir. 1984). The Motion to File an Amended Complaint (Docket Entry No. 42) will be denied without prejudice to Barrett presenting his claims in a separate action. *Al-Ra'id v. Ingle*, 69 F.3d 28, 33 (5th Cir. 1995).

Barrett has filed a motion (Docket Entry No. 39) in which he seeks to proceed pursuant to a writ of mandamus. Mandamus is granted only in the clearest and most compelling cases in which the party seeking mandamus shows that no other adequate means exist to attain the requested relief and that his right to a writ of mandamus is "clear and indisputable." *In re Willy*, 831 F.2d 545, 549 (5th Cir. 1987). This court has found that Barrett's claims are frivolous and his Motion to Proceed (Docket Entry No. 39) will be denied.

Barrett has filed a motion (Docket Entry No. 40) seeking restoration of funds that have been allegedly taken from his inmate trust account. As stated above, Barrett is proceeding *in forma pauperis* under 28 U.S.C. § 1915(b). Under the provisions of 1915(b), the TDCJ-CID Inmate Trust Fund is required to deduct 20 % of each deposit to Barrett's account and forward the funds to the District Clerk until the filing fees have been paid. Barrett alleges that an excess amount has been deducted. The filing fee for this action alone is $ 250.00. The court's records indicate that only $ 40.00 has been received for this case. In addition, Barrett has filed five other prisoner civil rights actions in the Northern and Southern Districts including *Barrett v. Padgett*, No. 5:05cv111-BG.

Barrett is responsible for paying the fees in each of those cases. *See Atchison v. Collins*, 288 F.3d 177, 180-81 (5th Cir. 2002); *Hatchet v. Nettles*, 201 F.3d 651 (5th Cir. 2000). The Motion to Restore Funds (Docket Entry No. 40) will be denied.

### IV. Conclusion

The court **ORDERS** the following:

1. The plaintiff's Motion for Leave to Submit Additional Documents (Docket Entry No. 34) is **GRANTED**.

2. The plaintiff's Motion to Proceed under Writ of Mandamus (Docket Entry No. 39) is **DENIED**.

3. The plaintiff's Motion to Restore Funds (Docket Entry No. 40) is **DENIED**.

4. The plaintiff's Motion for Leave to File an Amended Complaint (Docket Entry No. 42) is **DENIED**.

5. This cause of action, filed by Inmate Donald Ray Barrett, TDCJ-CID # 1177899, is **DISMISSED** as frivolous. 28 U.S.C. § 1915(e).

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number (512) 936-2159; and the Pro Se Clerk's Office for the United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** on this 18th day of September, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE